# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **ROBERT R. FORD,** *Petitioner,* v. **JAMES R. WILLIAMS,** *et al.,* *Respondents.* | **CIVIL ACTION NO. 5:18-cv-00082-TES-CHW** |

## ORDER OF DISMISSAL

This case is currently before the Court for preliminary screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Petitioner Robert R. Ford, an inmate confined at the Augusta State Medical Prison in Grovetown, Georgia, filed the above-captioned case seeking a writ of mandamus. *See generally*, [Doc. 1]. Thereafter, the United States Magistrate Judge ordered Petitioner to either pay the Court's filing fee or file a motion for leave to proceed without prepayment of the filing fee. *See generally* [Doc. 4]. In response, Petitioner moved for leave to proceed *in forma pauperis* on May 23, 2018 and May 24, 2018. [Docs. 6, 9].

After due consideration, the Court **GRANTS** Petitioner's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 6] and **DENIES as moot** his second Motion for Leave to Proceed *In Forma Pauperis* [Doc. 9]. The Court finds, however, that Petitioner's petition

for a writ of mandamus fails to state a non-frivolous claim for relief. Therefore, the Court **DISMISSES** the petition **without prejudice** pursuant to § 1915A(b).

I. **Motion to Proceed *In Forma Pauperis***

Any court of the United States may authorize the commencement a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the petitioner shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). A prisoner wishing to proceed under § 1915 must provide the district court with both (1) an affidavit in support of his claim of indigence, and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).

Pursuant to this provision, Petitioner moved for leave to proceed without prepayment of the $350.00 filing fee, and his submissions show that he is currently unable to prepay any portion of the filing fee. The Court therefore **GRANTS** Petitioner's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 6] and **DENIES as moot** Petitioner's second Motion for Leave to Proceed *In Forma Pauperis* [Doc. 9]. Petitioner is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the petitioner's complaint is dismissed prior to service.

For this reason, the Court **DIRECTS** the Clerk to forward a copy of this Order to the business manager of the facility in which Petitioner is incarcerated so that the business manager may begin making withdrawals from Petitioner's account as payment towards the filing fee.

A. <u>Directions to Plaintiff's Custodian</u>

Because the Court granted Petitioner leave to proceed *in forma pauperis* in the above-captioned case, the Court hereby **ORDERS** the warden of the institution wherein Petitioner is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, to each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Petitioner's trust account at said institution until Petitioner has paid the $350.00 filing fee in full. The prison account custodian shall collect and withhold the funds and, on a monthly basis, shall forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee is collected. Withdrawals for collection shall continue even if the Court dismisses Petitioner's lawsuit or grants judgment against him prior to the custodian collecting the full filing fee.

B. <u>Petitioner's Obligations Upon Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event that the State of Georgia or any county

thereof releases Plaintiff from custody, he shall remain obligated to pay those installments justified by the income to his prisoner trust account during his incarceration. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Additionally, Plaintiff's complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**II.     Authority & Standard for Preliminary Screening**

The Court must now conduct a preliminary review of Petitioner's petition for a writ of mandamus. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases); *see also* 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the district court must accept all factual allegations in the pleading as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). The Court also holds *pro se* pleadings "to a less stringent standard than pleadings drafted by attorneys," and thus, the Court "liberally construe[s]" *pro se* claims. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court

4

may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III. **Petitioner's Petition for Mandamus**

In his petition, Petitioner seeks a writ of mandamus against James R. Williams, Jr., Director of Clemency and Parole Selection Division; Major Lauren Fletcher; Warden Fredrick Head; Floor Officers Curmit Colvin Williams, Jacobs Kevin, and Wallace Alex; Investigator Vernon Neal; and Captain Guy Young. *See* [Doc. 1]. Petitioner asserts that all of these respondents are employed by the Georgia Department of Corrections or the Riverbend Correctional Facility. [*Id*. at 1-2]. Petitioner seeks an order requiring respondents to expunge a disciplinary report that was upheld against him because his appeal of the disciplinary hearing was not considered in a timely manner. [*Id*. at 2-6]. He

5

also alleges that Floor Officer Williams is a convicted felon who is not eligible to work for the Department of Corrections. [*Id*. at 5].

Mainly, Petitioner seeks a writ of mandamus directing action from state officials in the performance of their duties. The federal district courts, however, do not have the authority to issue writs compelling action by state officials in the performance of their duties. *See Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam);[1] *see also Lawrence v. Miami-Dade Cty. State Attorney Office*, 272 F. App'x 781, 781 (11th Cir. 2008) (per curiam) ("Because the only relief [petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."). Thus, Petitioner seeks relief that is not available through a petition for a writ of mandamus.

**IV.** **Conclusion**

The Court therefore finds that Petitioner's petition has no arguable merit and, therefore, **DISMISSES** his petition **without prejudice** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted. Accordingly, the Court also **DENIES as moot** Petitioner's Motions to Appoint Counsel [Docs. 7, 8].

**SO ORDERED**, this 20th day of June, 2018.

[*signature on following page*]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**S/ Tilman E. Self, III**
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT